1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

CUEVAS REED,

Case No. 25-cv-03511-TLT

Plaintiff,

8

9

v.

**ORDER OF DISMISSAL**

10

HARRINGTON,

ECF 2, 5

11

Defendant.

12

13

**INTRODUCTION**

14

Plaintiff Cuevas Reed, a person in detention at West County Detention Facility (WCDF) in

15

Contra Costa County, filed this civil rights action pursuant to 42 U.S.C. section 1983. Dkt. No. 1.

16

Plaintiff's complaint is now before the Court for screening pursuant to 28 U.S.C. section 1915A.

17

The complaint will be dismissed for failure to state a claim.

18

Plaintiff's application to proceed *In Forma Pauperis* (IFP) has been granted by separate

19

order.

20

**DISCUSSION**

21

**A.    Standard of Review**

22

A federal court must conduct a preliminary screening in any case in which a prisoner seeks

23

redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

24

§ 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

25

that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

26

monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),

27

(2).  *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d

28

989, 993 (9th Cir. 2020).

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . .. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in either law or in fact.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

**B.    Analysis**

Plaintiff alleges that he was placed on lockdown on April 1, 2025 by defendant Deputy Harrington. He asked to speak to classification staff, who did not come talk to him until April 3. The defendant John Doe classification staff person told him that he was on lockdown and under investigation because he was acting as a "GP" prisoner and asked if he wanted to stay at WCDF or go to Martinez Detention Facility, or program with the group. Then he was let out for free time. He alleges both defendants discriminated against him and targeted him because of his race and

2

United States District Court
Northern District of California

1    caused him emotional distress.

2        Plaintiff's complaint fails to state a claim. Lockdown or segregation for a short period of

3    time does not implicate a constitutionally protected liberty interest because it is not a deprivation

4    of "real substance." *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (no liberty interest implicated

5    by disciplinary segregation for thirty days); *Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir. 1995)

6    (under *Sandin* no liberty interest in disciplinary segregation for 14 days). Plaintiff also asserts he

7    was discriminated against on the basis of his race, but he alleges no facts supporting this

8    assertion. He does not describe the treatment of any detainee of a different race, nor does he allege

9    facts that showed defendants were motivated by plaintiff's race.

10        After careful consideration of whether plaintiff could amend the complaint to state a claim

11   upon which relief could be granted, the Court finds that plaintiff cannot. Leave to amend will not

12   be provided because amendment would be futile.

13                                    **CONCLUSION**

14        For the foregoing reasons, the case is dismissed for failure to state a claim upon which

15   relief may be granted.  The Clerk shall enter judgment and close the file.

16        This order resolves ECF 2 and 5.

17        **IT IS SO ORDERED.**

18   Dated: September 25, 2025

19

20                                    _____

21                                    TRINA L. THOMPSON
                                     United States District Judge

22

23

24

25

26

27

28